AO 245B (Rev. 8/01) Judgment in a Criminal Case
Sheet 1

AOM/fw

# UNITED STATES DISTRICT COURT
Southern District of Mississippi
Jackson Division

FILED APR 19 2004
J. T. NOBLIN, CLERK
BY _____ DEPUTY

UNITED STATES OF AMERICA

V.

**LAMESHA HENDRY**

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Case Number:     3:03cr122WS-005

Defendant's Attorney:  William A. Sumrall
P. O. Box 1068
Jackson, MS 39215-1088

**THE DEFENDANT:**

☒ pleaded guilty to Count(s)  1

☐ pleaded nolo contendere to Count(s) _____
which was accepted by the Court.

☐ was found guilty on Count(s) _____
after a plea of not guilty.

REDACTED

ACCORDINGLY, the Court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1029(a)(1) | Use of Counterfeit Credit Cards | 07/09/03 | 07/09/03 |

The defendant is sentenced as provided in pages 2 through   6   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on Count(s) _____

☒ Count(s)  2 and 3   ☐ is  ☒ are  dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and United States Attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.:     -1952

Defendant's Date of Birth:     /80

Defendant's USM No.:     07665-043

Defendant's Residence Address:

Orlando, FL 32839

Defendant's Mailing Address:

same

April 13, 2004
Date of Imposition of Judgment

/s/ Henry T. Wingate
Signature of Judicial Officer

Henry T. Wingate, Chief U. S. District Judge
Name and Title of Judicial Officer

April 19, 2004
Date

A TRUE COPY I HEREBY CERTIFY
J.T. NOBLIN, CLERK
BY _____ DEPUTY CLERK

245B   (Rev. 8/01) Judgment in Criminal Case
       Sheet 2 — Imprisonment

DEFENDANT:       HENDRY, Lamesha
CASE NUMBER:     3:03cr122WS-005

Judgment — Page  2  of  6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of  forty-one (41) months  . The cost of incarceration is waived.

The Court makes the following recommendations to the Bureau of Prisons:

**The Court recommends the defendant be designated to a facility closest to her home in Orlando, Florida.**

☐   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

  ☐  by _____ ☐ a.m. ☐ p.m. on _____ .

  ☐  as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐  before 2 p.m. on _____ .

  ☐  as notified by the United States Marshal.

  ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

                                                    _____
                                                    UNITED STATES MARSHAL

                                            By _____
                                                    DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 8/01) Judgment in a Criminal Case
         Sheet 3 — Supervised Release

Judgment—Page  3  of  6

DEFENDANT: HENDRY, Lamesha
CASE NUMBER: 3:03cr122WS-005

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  three (3) years .

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐ The above drug testing condition is suspended, based on the Court's determination that the defendant poses a low risk of future substance abuse.

■ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall cooperate in the collection of a DNA sample from the defendant if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000.

    The defendant shall comply with the standard conditions that have been adopted by this Court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 8/01) Judgment in a Criminal Case
           Sheet 3 — Continued 2 — Supervised Release

Judgment—Page  4  of  6

DEFENDANT:      HENDRY, Lamesha
CASE NUMBER:    3:03cr122WS-005

## SPECIAL CONDITIONS OF SUPERVISION

a)  The defendant shall submit any business or personal financial information to the supervising U. S. Probation Officer as requested.

b)  The defendant shall submit to random urinalysis testing and complete any substance abuse treatment program deemed necessary by the supervising U. S. Probation Officer.

Judgment — Page 6 of 6

DEFENDANT: HENDRY, Lamesha
CASE NUMBER: 3:03cr122WS-005

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

   ☐ not later than _____, or
   ☐ in accordance with ☐ C, ☐ D, or ☐ E below; or

B ■ Payment to begin immediately (may be combined with ☐ C, ■ D, or ☐ E below); or

C ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of not less than $ 120.00 over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ■ Payment in monthly (e.g., equal, weekly, monthly, quarterly) installments of not less than $ XXX over a period of 34 months (e.g., months or years), to commence 30 days (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the Court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, unless otherwise directed by the Court, the Probation Officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

■ Joint and Several

   Defendant Name, Case Number, and Joint and Several Amount:

   Amount: $4,125.92:    Aurora Trigg - Docket No.: 3:03cr122WS-001
                        Jerome Walker - Docket No. 3:03cr122WS-002
                        James Auguste Docket No.: 3:03cr122WS-003
                        Kribbe Perryman - Docket No.: 3:03cr122WS-004

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245C (Rev. 8/01) Sheet 1—Amended Judgment i    inal Case                                    (NOTE: Identify Changes with Asterisks (*))
                                                                                                                            AOM/fw

# UNITED STATES DISTRICT COURT
Southern    District of    Mississippi
Jackson Division

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| V. | (For Offenses Committed On or After November 1, 1987) |
| **LAMESHA HENDRY** | Case Number:    3:03cr122WS-005 |

Date of Original Judgment: **April 13, 2004**            Defendant's Attorney:    William A. Sumrall
(Or Date of Last Amended Judgment)                                                P. O. Box 1068
                                                                                   Jackson, MS 39215-1088

**Reason for Amendment:**

[ ] Correction of Sentence on Remand (Fed. R. Crim. P. 35(a))    [ ] Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
[ ] Reduction of Sentence for Changed Circumstances (Fed. R. Crim.    [ ] Modification of Imposed Term of Imprisonment for Extraordinary and
    P. 35(b))                                                            Compelling Reasons (18 U.S.C. § 3582(c)(1))
[ ] Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(c))    [ ] Modification of Imposed Term of Imprisonment for Retroactive Amendment(s)
[ ] Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)        to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
                                                                     [ ] Direct Motion to District Court Pursuant to  [ ] 28 U.S.C. § 2255 or
                                                                         [ ] 18 U.S.C. § 3559(c)(7)
                                                                     [ ] Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

[X] pleaded guilty to Count(s)  1
[ ] pleaded nolo contendere to Count(s) _____
    which was accepted by the Court.
[ ] was found guilty on Count(s) _____
    after a plea of not guilty.

**REDACTED**

FILED MAY 24 2004  J.T. NOBLIN, CLERK

ACCORDINGLY, the Court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1029(a)(1) | Use of Counterfeit Credit Cards | 07/09/03 | 1 * |

The defendant is sentenced as provided in pages 2 through  __6__  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on Count(s) _____

[X] Count(s)  2 and 3  [ ] is  [X] are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and United States Attorney of any material change in the defendant's economic circumstances.

| | |
|---|---|
| Defendant's Soc. Sec. No.:    1952 | April 13, 2004 |
| | Date of Imposition of Judgment |
| Defendant's Date of Birth:    /80 | |
| Defendant's USM No.:    07665-043 | /s/ Henry T. Wingate |
| | Signature of Judicial Officer |
| Defendant's Residence Address: | |
| Orlando, FL 32839 | Henry T. Wingate, Chief U. S. District Judge |
| | Name and Title of Judicial Officer |
| Defendant's Mailing Address: | May 24, 2004 |
| none | Date |

A TRUE COPY, I HEREBY CERTIFY.
BY:  J.T. NOBLIN, CLERK
     DEPUTY CLERK

O 245C    (Rev. 8/01) Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page  2  of  6

DEFENDANT:       HENDRY, Lamesha
CASE NUMBER:     3:03cr122WS-005

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of    forty-one (41) months   .  The cost of incarceration is waived.

■ The Court makes the following recommendations to the Bureau of Prisons:
**The Court recommends the defendant be designated to a facility closest to her home in Orlando, Florida.**

■ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____    ☐ a.m.    ☐ p.m.    on _____

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 8/01) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page __3__ of __6__

DEFENDANT: HENDRY, Lamesha
CASE NUMBER: 3:03cr122WS-005

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of   three (3) years   .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994*:

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐ The above drug testing condition is suspended, based on the Court's determination that the defendant poses a low risk of future substance abuse.

■ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall cooperate in the collection of a DNA sample from the defendant if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000.

The defendant shall comply with the standard conditions that have been adopted by this Court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

AO 245C     (Rev. 8/01) Amended Judgment in a Criminal Case
             Sheet 3 — Continued 2 — Supervised Release                        (NOTE: Identify Changes with Asterisks (*))

Judgment—Page 4 of 6

DEFENDANT:     HENDRY, Lamesha
CASE NUMBER:     3:03cr122WS-005

## SPECIAL CONDITIONS OF SUPERVISION

a)    The defendant shall submit any business or personal financial information to the supervising U. S. Probation Officer as requested.

b)    The defendant shall submit to random urinalysis testing and complete any substance abuse treatment program deemed necessary by the supervising U. S. Probation Officer.

AO 245C   (Rev. 8/01) Amended Judgment in a Criminal Case
         Sheet 5, Part A — Criminal Monetary Penalties                    (NOTE: Identify Changes with Asterisks (*))

                                                                          Judgment — Page   5   of   6

DEFENDANT:        HENDRY, Lamesha
CASE NUMBER:      3:03cr122WS-005

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth on Sheet 5, Part B.

|        | Assessment | Fine | Restitution |
|--------|------------|------|-------------|
| TOTALS | $ 100.00   | $    | $ 4,125.92  |

[ ]  The determination of restitution is deferred until _____. *An Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ]  The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payme,t column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---------------|----------------------|-------------------------------|------------------------------------------|
| Wal-Mart Attn: Loss Prevention/Restitution Department R8090 P. O. Box 1125 Lowell, AR 72745-1125 (479) 273-4243 | | $4,125.92 | |

| TOTALS | $ _____ | $ 4,125.92 |
|--------|------------|------------|

[ ]  If applicable, restitution amount ordered pursuant to plea agreement  $ _____

[ ]  The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ]  The Court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   [■]  the interest requirement is waived for the   [ ] fine   [■] restitution.

   [ ]  the interest requirement for the   [ ] fine and/or   [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

) 245C   (Rev. 8/01) Amended Judgment in a Criminal Case
         Sheet 5, Part B — Scheduled Payments                                               (NOTE: Identify Changes with Asterisks (*))

Judgment — Page __6__ of __6__

EFENDANT:      HENDRY, Lamesha
ASE NUMBER:    3:03cr122WS-005

# SCHEDULE OF PAYMENTS

aving assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

☐ Lump sum payment of $ _____ due immediately, balance due

  ☐ not later than _____ , or
  ☐ in accordance with   ☐ C,   ☐ D, or   ☐ E below; or

■ Payment to begin immediately (may be combined with   ☐ C,   ■ D, or   ☐ E below); or

☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

■ Payment in equal __monthly__ (e.g., weekly, monthly, quarterly) installments of $ __120.00__ over a period of __34 months__ (e.g., months or years), to commence __30 days__ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

☐ Special instructions regarding the payment of criminal monetary penalties:

Jnless the Court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment f criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made hrough the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, unless otherwise directed y the Court, the Probation Officer, or the United States Attorney.

he defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

■ Joint and Several

  Defendant Name, Case Number, and Joint and Several Amount:

  **Amount: $4,125.92:**     Aurora Trigg - Docket No.: 3:03cr122WS-001
                             Jerome Walker - Docket No. 3:03cr122WS-002
                             James Auguste Docket No.: 3:03cr122WS-003
                             Kribbe Perryman - Docket No.: 3:03cr122WS-004

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.